# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JUSTIN CREDICO** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **SOLICITOR GENERAL, et al.** | : | **NO. 12-MC-254** |

## MEMORANDUM

**DITTER, J.**                                                    **August 21, 2014**

Justin Credico filed a *pro se* motion to renounce his citizenship pursuant to 8 U.S. C. § 1481 on November 19, 2012.  The motion was denied without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915A.[1]  The United States Court of Appeals for the Third Circuit summarily affirmed the dismissal.  Credico now seeks to reopen.  For the reasons that follow, his motion to reopen is DENIED.

## I.      FACTS

Credico is currently incarcerated at the Federal Detention Center in Philadelphia, Pennsylvania.[2]  Credico has filed this action in an effort to relinquish his citizenship for a myriad of reasons, including, but not limited to: his exposure as a confidential informant; the infiltration of Congress by Russian spies; Congress' failure to properly manage the national debt, the "wars" against Afghanistan, Pakistan, Iraq, and Iran; and "cyber wars"

---

[1] The original motion was decided by the Honorable Stewart Dalzell.  This motion was transferred to my docket on August 15, 2014.

[2] I take judicial notice of the fact that he is awaiting trial in this court on a number of charges involving threats to law enforcement officers and their immediate family members.  *See U.S.A v. Justin Michael Credico*, No. 14-CR-118.

with Iran, China, Russia and Spain; and "drug wars" with Mexico, Columbia and

Afghanistan. *See Motion,* at 2-3. His motion was interpreted as an attempt to renounce

pursuant to § 1481(a)(6) which provides that a United States national may lose his

citizenship by:

> making in the United States a formal written renunciation of
> nationality in such form as may be prescribed by, and before
> such officer as may be designated by, the Attorney General,
> whenever the United States shall be in a state of war and the
> Attorney General shall approve such renunciation as not
> contrary to the interests of national defense[.]

His first attempt to renounce was dismissed because he had not made a formal

written renunciation to the United States Citizenship and Immigration Service ("USIS"),

and because there was no controversy subject to the court's review. In his motion to

reopen, he claims he contacted USIS as instructed and was told to contact the Bureau of

Consular Affairs. He does not state that he contacted the Bureau or, if he did, what he

filed. He now seeks action under the Administrative Procedures Act to compel the

appropriate agency to act on his renunciation claim.

## II.    STANDARD OF REVIEW

The Court is required to screen complaints brought by *pro se* prisoners and must

dismiss claims that are legally "frivolous or malicious," fail to state a claim upon which

relief can be granted, or seek monetary relief from a defendant who is immune from such

relief. 28 U.S.C. §1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). Whether a complaint

fails to state a claim under § 1915 is governed by the same standard applicable to motions

to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

## III.    DISCUSSION

Credico seeks an order from the court compelling the Solicitor General or Attorney General Eric Holder to allow him to renounce his United States citizenship. There is no need to reopen this case because Credico fails to state a cognizable claim.

A United States citizen has a right to renounce his citizenship. *Nishikawa v. Dulles*, 356 U.S. 129, 139 (1958). The Constitution empowers Congress to define "the processes through which citizenship is acquired or lost," to determine "the criteria by which citizenship is judged," and to fix "the consequences citizenship or noncitizenship entail." *Davis v. District Director*, *INS,* 481 F.Supp. 1178, 1183-84 n.8 (D.D.C. 1979).

The procedures for renouncing citizenship are codified in 8 U.S.C. § 1481(a). The first five subsections list the methods for expatriation when a citizen is in another country. *See* 8 U.S.C. §1843(a). For example, a citizen may make "a formal renunciation before a diplomatic or consular office of the United States in a foreign state." 8 U.S.C. § 1481(a)(5). Credico's incarceration prevents him from exercising this or any of the first five subsections at this time, but he will be free to do so upon his release. *See Koos v.*

3

*Holm*, 204 F. Supp. 2d 1099, 1108 (W.D. Tenn. 2002) (incarceration limits an inmates freedom to travel but he is free to travel to another country and renounce his citizenship after serving his sentence).

The last two subsections apply to renunciation while still present in the United States. During time of war, a citizen can renounce by "making in the United State a formal written renunciation . . . before such officer as may be designated by, the Attorney General . . .." 8 U.S.C. § 1481(a)(6). Credico's letters of renunciation, even if sent to the proper official, are not sufficient to renounce because the United States is not at war. *Koos*, 204 F. Supp. 2d at 1108. Finally, a conviction for treason against the United States would permit renunciation, 8 U.S.C. § 1481(a)(7), but there is no assertion that Credico has been convicted of such an act.

A district court should allow a *pro se* plaintiff to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 113-14 (3d Cir. 2002). Here, amendment would be futile. Credico is unable to formally renounce his citizenship because he does not have a right to travel to another country while he is incarcerated and he cannot satisfy the requirements for renunciation while residing in the United States.

## IV.   CONCLUSION

Credico's inability to state a claim upon which relief may be granted requires that his motion to reopen be DENIED. An appropriate order follows.

4